IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN ELLIOTT, )
)
    Plaintiff, )
)
v. ) Civ. No. 09-611-SLR
)
THE MARIST BROTHERS OF THE )
SCHOOLS, INC., THE ARCHDIOCESE )
OF NEW YORK, CHURCH OF THE )
NATIVITY OF OUR BLESSED LADY, )
MT. ST. MICHAEL'S SCHOOL and )
BROTHER DAMIAN GALLIGAN, )
)
    Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 21st day of September 2010, having considered defendant Brother Damian Galligan's ("Galligan"'s) motion for a protective order and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 47) is granted in part and denied in part, as follows.

1. **Background**. This is an action for personal injuries arising from alleged childhood sexual abuse of plaintiff by Galligan between 1977 and 1983. Galligan seeks to avoid a deposition in this civil matter by invoking his Fifth Amendment right against self-incrimination.[1]

2. **Standards**. Pursuant to Federal Rule of Civil Procedure 26(c)(1), a

---

[1]Although the date for the deposition has long since passed, the parties have not indicated that the issue is moot.

protective order may be issued by the Court "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Both the Fifth Amendment to the United States Constitution and Article 1, Section 7 of the Delaware Constitution provide protection against self-incrimination. [2]

> The [Fifth Amendment] privilege reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.

*Kastigar v. U.S.*, 406 U.S. 441, 444-45 (1972) (citations omitted). The right against self-incrimination is to be broadly applied. *See id.* at 445. "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a . . . crime." *Hoffman v. U.S.*, 341 U.S. 479, 486 (1951). The protection, however, must be "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Id.*

3. **Discussion**. As an initial matter, there is no dispute that Galligan remains subject to criminal prosecution in Virginia. (D.I. 50 at 3, 7) Therefore, Galligan shall not be required to testify as to potentially criminal acts occurring in Virginia.

4. According to 11 Del. C. § 205(e), "prosecution for any crime that is delineated [as a sexual offense] may be commenced at any time[.]" Galligan also argues that he

---

[2]The Fifth Amendment to the Constitution states, in relevant part, that "no person . . . shall be compelled in any criminal case to be a witness against himself." Article 1, Section 7 of the Delaware Constitution is "substantially the same as the Fifth Amendment." *Rickards v. State*, 77 A.2d 1999 (Del. 1950).

2

may be subject to criminal prosecution in New Jersey, New York, and/or Virginia. (D.I. 48 at 4-6) (citing N.J.S.A. 2C:14-2 (no time bar on sexual assault prosecution); N.Y. Penal Law § 130.75 and N.Y. Crim. Proc. Law § 30.10(2)(a) (no statute of limitations for sexual conduct against a child in the first degree); and Va. Code Ann. § 19.2-8 (no statute of limitations for felony sexual misconduct)). Plaintiff's allegations against Galligan could also lead to federal prosecution. (*Id.*) (citing 18 U.S.C. § 3283 (no statute of limitations for offenses involving the sexual abuse of a child))

5. Plaintiff asserts that Galligan has no reasonable fear or real danger of criminal prosecution in Delaware, New Jersey, New York or federally because, in each jurisdiction, the statute of limitations for sex abuse crimes was removed after the date the former criminal statute of limitations for Galligan's potential crimes had tolled. Specifically: (1) New Jersey did not add sexual assault to the category of crimes without a statute of limitations until 1996; (2) the current 10 Del. C. § 205(a) was enacted in 2003; (3) the comparable provision of New York law was added in 2006; and (4) the statute of limitations was removed from 18 U.S.C. § 3283 in 2007. This case involves a pattern of alleged abuse from 1977 to 1983. Plaintiff argues, and Galligan does not challenge, that the statutes of limitations on these crimes had run prior to the revisions in the law.[3]

6. The issue at bar was addressed by the Delaware Superior Court in *Eden v. Oblates of St. Francis de Sales*, Civ. No. 04C-01-069, 2007 WL 4722830 (Del. Super. Dec. 14, 2007). The final act of sexual abuse alleged in *Eden* occurred in 1985. The

---

[3]No reply brief was filed by Galligan.

*Eden* court found that, since the statutes of limitations had expired on any alleged sexual abuse on plaintiff in Delaware and New Jersey when those states removed their respective statutes of limitations on prosecution of sex crimes, defendant Father O'Neill could not be criminally prosecuted (in 2007 or beyond) under the new laws as it would violate the *ex post facto* clause of the Constitution. *Id.* at *1 (citing *Stogner v. California*, 539 U.S. 607, 619 (2003)). Therefore, the court found that defendant could not invoke his privilege against self-incrimination in response to questions concerning allegations in those jurisdictions.

7. This court follows *Eden* in holding that Galligan has no reasonable fear of prosecution in Delaware, New Jersey, New York or federally in view of the holding in *Stogner*, 539 U.S. at 619.[4] Galligan's motion, therefore, is granted with respect to testimony concerning alleged acts of sexual abuse occurring in Virginia and denied in other respects.

                                                                    _____
                                                                    United States District Judge

---

[4] Galligan also argues that, even if no criminal prosecution is sought, his sworn testimony may find its way into a courtroom under the "other crimes evidence" exception to F.R.E. 404(b). The *Eden* court squarely addressed this issue and held that the privilege against self-incrimination does not extend to evidence that may be used in a future trial under F.R.E. 404(b). 2007 WL 4722830 at *1.