IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-611-SLR |
| | ) |
| THE MARIST BROTHERS OF THE | ) |
| SCHOOLS, INC., THE ARCHDIOCESE | ) |
| OF NEW YORK, CHURCH OF THE | ) |
| NATIVITY OF OUR BLESSED LADY, | ) |
| MT. ST. MICHAEL'S SCHOOL and | ) |
| BROTHER DAMIAN GALLIGAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of November 2010, having considered defendants Archdiocese of New York ("the Archdiocese") and Church of the Nativity of Our Blessed Lady ("Church of the Nativity")'s motion for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b);

IT IS ORDERED that said motion (D.I. 72) is denied, as follows.

1. As detailed in the court's prior opinions, this is an action seeking monetary damages for personal injuries arising from alleged childhood sexual abuse by defendant Brother Damian Galligan ("Galligan"). The Archdiocese and Church of the Nativity (collectively, the "moving defendants") moved to dismiss the claims against them for lack of personal jurisdiction and as time-barred under New York law. On December 21, 2009, the court found that the exercise of personal jurisdiction over the moving defendants would not comport with due process. (D.I. 35 at 9-11) The court

further determined that, pursuant to the "most significant relationship test," New York has the most significant relationship to the parties and, therefore, New York's three-year statute of limitations barred plaintiff's claims for compensation for abuse allegedly occurring between 1977 and 1983. (*Id.* at 13-14) Plaintiff's motion for reconsideration was denied on August 26, 2010. (D.I. 70)

2. The moving defendants now seek the entry of final judgment. (D.I. 72) The court generally does not enter judgment against parties following motions to dismiss.

3. Applying the law-of-the-case doctrine, the court granted defendants Mount Saint Michael's School ("Mount Saint Michael's") and Marist Brothers of the Schools Inc. ("Marist")'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.I. 73)

4. The parties agree that interlocutory appeal to the United States Court of Appeals for the Third Circuit is appropriate at this juncture. The court agrees that the exercise of jurisdiction over the non-personal defendants and the application of New York law to plaintiff's claims are matters presenting "substantial ground[s] for difference of opinion" and that an immediate appeal will both "materially advance the ultimate determination of the litigation" and avoid multiple trials. 28 U.S.C. § 1292(b). Plaintiff's counsel has represented that appeal will be pursued to the extent possible with a request for expedition. Therefore,

IT IS FURTHER ORDERED that the following controlling questions of law are hereby certified to the United States Court of Appeals for the Third Circuit:

    a. Whether the exercise of personal jurisdiction over the Archdiocese, Church of the Nativity, Marist and/or St. Michael's School comports with due process of law.

2

      b. Whether plaintiff's allegations demonstrate that New York has the most significant relationship to the parties, such that New York law governs plaintiff's claims.

(D.I. 35, 73)  The above-captioned matter is hereby stayed until further order of this court.

                                                                            _____
                                                                            United States District Judge